Good morning, Your Honors. I would like to request eight minutes and reserve two minutes All right. Try to keep your own time and I'll try to remind you if you don't. Okay. This case presents three issues. First of all, whether or not it was improperly streamlined by the Board of Immigration Appeals, this case presents a novel legal issue and therefore should not have been decided in a summary affirmance form by the Board of Immigration Appeals and should be remanded to the Board on that basis alone. The second issue is whether or not a waiver under Section 212H of the Immigration and Nationality Act is available to an individual who is applying for cancellation of removal under Section 240AB of that act. And finally, if such a waiver is available, and if it were to be granted by the immigration judge, does it cure the other grounds of ineligibility for cancellation of removal? The first one is whether or not it was improperly streamlined by the Board of Immigration Do you concede that the petitioner's spousal abuse conviction under California Penal Code 273.5A rendered him statutorily ineligible for cancellation of removal? I concede that he, that is a ground of deportability. However, I do believe that the 212H waiver, if granted, should be able to cure that ground of deportability. Can you cite any authority for that? No, Your Honor, because there actually is no case law regarding the issue of 212H being available in cancellation of removal context. And the statute is pretty clear, isn't it? The statute does not preclude the availability of that waiver being available. So as I said, the threshold issue is whether the waiver is available. If it is not, then I would argue that the Respondent's other arguments, or rather, I would say that the Respondent has framed the issues that the petitioner is ineligible for cancellation of removal, and it doesn't matter whether or not a 212H waiver is available. I frame the issues differently, saying that the 212H waiver is available, and if the Respondent finds that such a waiver is available to applicants in his situation, then the question becomes whether or not it would also cure those other grounds that make him ineligible for cancellation of removal. But what you're arguing, if I may suggest this, counsel, is that Congress has made a determination that people who have spousally abused their – I mean, abused their spouses in a criminal way are not eligible for cancellation of removal, period. You've come up with some – I think, you know, I could compliment you for the ingeniousness of your arguments, but what you're really saying is that we're supposed to set aside what Congress has very clearly stated and say that notwithstanding that, there is a waiver. I just don't know what authority you're relying upon in order to get to that point. Your Honor, if I may, the argument is basically that if the 212H waiver is available in the cancellation context, which hasn't been ruled on by the Court, but if it were, I would say that because the ground of inadmissibility and deportability, both of those are based on the Petitioner's conviction under Section 273.5, as you indicated. Therefore, if – Go ahead. Yes. If it would be possible to waive the ground of inadmissibility to crimes of moral conviction, but then to have to turn around and say, well, yeah, but he's still ineligible based on that same conviction because of Section 237a2e, the domestic violence conviction, and also arguably failure to establish good moral character as required under Section 240a)(b)(1)(B). So he's hit with it three times. In other words, the same conviction keeps coming back and coming back and coming back, and I'm arguing that a waiver, in fact, the word waiver is a little bit of a misnomer in immigration law context, because a waiver, as defined by the very most of the cases. Well, it's a statutory term. I'm sorry? It's the statutory term. It is a statutory term. It's a waiver. However, a waiver is generally defined in legal terms as a knowingly relinquishing a right. A waiver in immigration terms under 212H is more akin to a pardon. In the case where an individual's act is actually submitted. You know, you've only got about two minutes left. I think before the time you want to say, maybe it would help a little bit if you could say where what provision you think waives the specific offense that Judge Smith was referring to, the spousal abuse. Section 212H would cure the ground of inadmissibility of two crimes. How? What provision does it waive that states that spousal abuse is an offense which precludes, which requires deportability, which requires removal? It waives the Petitioner's ineligibility for cancellation as being inadmissible for having committed two crimes of moral turpitude. So that's the threshold issue. And then if that waiver is available, I'm saying that, in effect, it should nullify the crime and not have the crime keep coming back. Kennedy, what about the provision that prevents relief to somebody who's removable? Because of the offense of spousal abuse, what's the number of that provision? There is no corresponding waiver for that particular provision in the removal context. So you're saying that if you waive the offense of moral turpitude, that that's the same as waiving any specified offense that happens to be a crime of moral turpitude? Yes, I'm saying that. Otherwise, the statute is redundant. But the reality is that the statute, and I'm referring specifically now to 1229b-1, in order to be eligible for cancellation of removal, the alien has to demonstrate that he's been physically present in the United States for a continuous period of not less than 10 years immediately prior to the date of the application. As a person of good moral character during such a period, and this is the kicker, has not been convicted of an offense under 1182a-2, section 1227a-2, 1227a-3 of this title, and establishes that it would create exceptional hardship and so on. The Congress has written that law. We didn't write it. But what you're, in effect, asking us to do is to read that statute out of existence or make it totally meaningless. We're judges, not legislators, and there's been a legislative determination made that when people brutally beat up on their spouses and are convicted for that, they're going to go. And so that's why I ask you if you have any authority for what you're talking about. I appreciate your good intentions. I appreciate your able representation of your client. But I'm puzzled as to how you think we can basically render this statute meaningless. What I'm asking, Your Honor, is that the Court recognize the availability of the 212h waiver in cancellation of removal. But there are two steps to your problem. I won't give you two minutes for rebuttal. Your first step is whether there is a waiver of this particular offense for admissibility. That's correct. And then your second step is if there is such a waiver of admissibility, can we transfer that to the removal context. That's correct. And you have to get over both of those hurdles, which is a difficult task, as you know. The – we might look at the offense a little differently, although, as Judge Smith says, it's a matter that Congress has determined. It doesn't necessarily apply only to people who are brutal felons. It applies to a misdemeanor offense of one night of drunkenness where there may be a remedy that Congress has selected is to break up that family permanently and remove the father from his children for life. That would be another way of describing what Congress has done. There are two different ways you could describe it. But it doesn't matter, because whatever it's done, it's done, as Judge Smith says. And I think we understand the two steps you'd like us to take with the statute and that we can't really do that just by looking simply at the face of the statute. We have to be somewhat ingenious to reach the solution you'd like. But we'll give you two minutes for rebuttal. Okay. You should think in terms of legal alchemy. May it please the Court. My name is Anne Tumai. I represent the United States. Petitioner makes a valiant effort, but in the end, Petitioner can't overcome the two statutory hurdles presented here. The 212H waiver does not overcome those hurdles either. This Court has already stated in Gonzalez-Gonzalez that the plain language of the statute, the statutory structure, as well as the legislative history, establish that Congress did not intend to make aliens who are convicted of a crime of domestic violence eligible for cancellation or removal. Does the Attorney General have any discretion in these cases? Your Honor, in the context of the ---- I mean, can the Attorney General do anything? Some cases are particularly sympathetic with that regard to this one. For example, a case of somebody who's the only person who can give bone marrow to a daughter who may need it. I think that's on today's calendar, at least sometime this week. Under the strict readings of the statute, the Court has no authority to do anything about it. He's automatically ---- he must be removed if the Attorney General decides to institute proceedings. Does the Attorney General, if the proceedings ---- if the Court determines that he's removable and there's no relief under the statute, does the Attorney General have discretion to determine not to remove the person? Your Honor, the Attorney General has different discretionary acts that he can pursue first from the initiation of the proceedings. That's present clause as well as ---- I know he doesn't ever have to institute the proceedings. But, you know, one of the problems with all these cases is we've been told that even when we decide that somebody is removable and we go through all these proceedings, that a substantial percentage of the people are never actually removed. And some of that appears to be because the Justice Department just decides after they've spent years winning all these cases that they don't want to remove the people. Your Honor, that is not necessarily the case. There's various different frustrations in terms of whether or not an alien is actually removed even after a final order of removal has been established. And that may be ---- there's several instances of Petitioners who continue to use the judicial process in the United States so that they can prolong their stay here even if they don't have valid claims. There's many reasons for that. The issue presented before the Court in this matter concerns the statute and Petitioner's eligibility for cancellation or removal. I understand the Court's concern, and that is actually a concern for the Attorney General as well in terms of being able to execute the removal orders and also sustain or maintain the immigration laws. However, that's an issue that the government has to address and is not before the Court in this matter. Well, I think your brief covered this quite adequately. Is there anything in particular you'd like to emphasize? No, Your Honor. Unless the Court has any questions, then I would then submit the case. Thank you. Thank you. I would just like to follow up on your point, Justice Reinhart, that whether or not the Attorney General can do anything. Only if an individual is allowed to apply for cancellation of removal can the Attorney  That's the point where the immigration judge would look at the equities, look at the severity of the crime, and make a determination whether or not the person would be granted cancellation of removal. That's the situation Petitioner is in. He cannot even get to that point where the immigration judge has the discretion to determine whether his particular crime and whether the particular equities in this case. It's interesting that you mentioned bone marrow because that is actually one of the situations here. The Petitioner is a bone marrow donor for his daughter. Whether or not the judge can decide whether or not those equities outweigh the severity of the crime or vice versa, that's where the discretion comes in. And unless a waiver allows the individual to be able to present his case to the immigration judge, there is no discretion. I noticed there was no appeal of the denial of the voluntary departure. Is that correct? That's correct. So that if he is deported, he can't come back for 10 years? That's correct. I would also like to say that I'm the last person who would condone or minimize domestic violence, and, in fact, I ordinarily don't even accept such cases. But in this case, I'm totally convinced that the Petitioner is rehabilitated and that there are significant and compelling equities in the case. Waivers for domestic violence do exist in other contexts. So it's not that such a conviction automatically precludes any relief under the Immigration and Nationality Act. And I believe that, in this case, the Petitioner and his children deserve this relief. Thank you, counsel. Let me compliment you on your good efforts. The case, Mr. Argyle, will be submitted.
judges: Ferguson, Reinhardt, M. Smith